**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA   )
                           )
                           )
                           )
            V.             )                CR. NO. 07-0059(RCL)
                           )
                           )
AYUDHIA NARAIN             )

### <u>MOTION FOR RECONSIDERATION OF DETENTION ORDER</u>

**COMES NOW**, Ayudhia Narain, through undersigned counsel Rudolph Acree.

Jr, pursuant to 18 U.S.C. §3145(b) to respectfully request this Honorable Court to

reconsider the pre-trial detention order of Magistrate Judge Kay and to release the

defendant to the District Of Columbia Pretrial Services Heighten Supervision Program, to

a District Of Columbia half-way house with school release privileges, or follow the

recommendations of Pretrial Services and place Mr. Narian in Pretrial Service Agency

General Supervision for District Court with the condition to report weekly.  As grounds

for this motion counsel would state the following:

### <u>BACKGROUND</u>

1. The defendant is charged with possession with intent to distribute Cocaine

   Hydrochloride, in violation of 21 U.S.C. §841, with possession with intent to

   distribute Phencyclidine, in violation of 21 U.S.C. §841, and Possessing a

   Firearm during a Drug Trafficking Offense, in violation of 18 U.S.C. §924

2. A detention hearing was held on February 23, 2007, before the Honorable

   Magistrate Judge Kay.  The defendant was order held without bond.

3. The defendant has no prior convictions.

4. The defendant has never violated or been charged with failure to comply with the Bail Reform Act.

5. The defendant is a life-long resident of the District of Columbia metropolitan area with extensive family in the area. The defendant is 29 years old with 2 minor children. At the time of his arrest, Mr. Narain was a full-time student at the University of the District of Columbia and was preparing to graduate in May earning a Bachelor of Arts in Finance. As a student Mr. Narain was involved with several extra curricular activities in which he held leadership positions an investment club called Crossman Investments, and a finance club called Best Birds II

6. The defendant is currently enrolled in four classes..

## FACTORS TO BE CONSIDERED

7. Title 18 U.S.C. §3142(g) specifies the factors to be considered in determining whether there are conditions of release that will reasonable assure the appearance of the person as required and the safety of the community. Those factors are:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person—
    i. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and

record concerning appearance at court
proceedings; and

ii.  whether, at the time of the current offense or
arrest, the person was on probation, on parole,
or on other release while pending trial,
sentencing, appeal, or completion of sentence
for an offense under Federal, State, or local law;
and

(4)  the nature and seriousness of the danger to any person
or the community that would be posed by the person's
release…

## ARGUMENT

There is a rebuttable presumption contained in 18 U.S.C. §3142(e) that no

condition or combination of conditions will reasonable assure the safety of any person in

the community if the judge finds that there is probable cause to believe that a person

committed an offense for which a maximum term of imprisonment of ten years or more is

prescribed in the Controlled Substances Act.  The indictment itself is sufficient to create

the probable cause creating the rebuttable presumption of flight.  United States v.

Hurtado, 779 F.2d 1467 (11th Cir. 1985).  However, "Reasonably assure" does not mean

that release conditions must "guarantee" community safety and the defendant's

appearance. United States v. Orta, 760 F.2d 887 (8th Cir. 1985).  In addition in United

States v. Jessup, 757 F.2d 758 (1st Cir. 1985) the First Circuit concluded that the

statutory presumptions raised by serious drug offense shifted only the burden of

production not persuasion to the defendant.  Once the defendant produces some evidence

the presumption does not evaporate but rather allows the court to give appropriate weight

to the presumption without shifting the burden of persuasion.  See United States v.

Fretias, 602 F.Supp 1283 (N.D. Cal. 1985), and United States v. Portes, 786 F.2d 758 (7th

Cir. 1985). The government retains the burden of proof by a preponderance where the issue is risk of flight, <u>United States v. Vortis</u>, 785 F.2d 327 (D.C. Cir.1986), or by clear and convincing evidence if the issue is danger to a person or the community.

This Court, based on his documented past, has no reason to believe that Mr. Narian is a risk of flight.  In addition, there is no clear and convincing evidence to support the idea that Mr. Narain is a danger to the community.  Indeed, there is nothing of a violent nature in Mr. Narain's history; and in the matter before this Court there have been no allegations of firearms usage or violence to speak of.  We believe that this Court could fashion a scenario where by Mr. Narain can continue to attend school, and at the same time comply with any conditions set forth by this Court.

**WHEREFORE**, counsel respectfully requests that this motion be granted.

Respectfully Submitted

_____/s/_____
Rudolph Acree, Jr.
1211 Connecticut Ave.
Suite 506
Washington, DC 20036
(202) 331-1961
Fax (202) 331-7004

## CERTIFICATE OF SERVICE

**I HEARBY CERTIFY** that a copy of the foregoing was served through electronic case filing to AUSA Louis Ramos on April 9, 2007.


_____/s/_____
Rudolph Acree, Jr.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA　)
　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　)
　　　　　V.　　　　　　　　)　　　　　CR. NO. 07-0059(RCL)
　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　)
AYUDHIA NARIAN　　　　　　)

**ORDER**

This matter is before the Court on the defendant Ayudhia Narain's motion for

reconsideration of detention order and the Court, having considered the motion, the

government's response thereto and the record in the case it is this __ day of _____2007,

**ORDERED** that the defendant's motion should be and hereby is **GRANTED** and

it is

**FURTHER ORDERED** that the defendant be placed in home monitoring

pending the trial in this matter.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Honorable Judge Lamberth
　　　　　　　　　　　　　　　　　　　　　　United States District Court

Copies to:
Mr. Rudolph Acree, Jr.
1211 Connecticut Ave
Suite 506
Washington, DC 20036
Counsel for Ayudhia Narain

Mr. Louis Ramos
Assistant United States Attorney
555 4th St., NW
Room 4444
Washington, DC 20530
Counsel for the United States



Suite M-2 Washington, B.C. 20020
FAX (202) 610-3095

March 23, 2007

The Honorable Judge Royce Lambert
U.S. District Court Washington, DC

Dear Judge Lambert,

My name is Wanda Williams. I am the Outreach supervisor at Family and Medical
Counseling Services. I am writing to you on behalf of Mr. Ayudhia S. Narian, Jr..

Family and Medical Counseling Services (FMCS) is an organization that offers medical
assistance and counseling services. I have spoken with one of Mr. Narains's friends and she
is adamant that Mr. Narain's could definitely benefit from counseling. At her request,
FMCS will be willing to interview Mr. Narain and if he is eligible for our services, services
will be rendered.

 Should you have any concerns or questions I may be reached at 202-889-7900.


 Sincerely,
   Wanda Williams

   Outreach supervisor



# Greater Washington Urban League, Inc.



*Empowering Communities. Changing Lives.*

**BOARD OF DIRECTORS**
**Jerry A. Moore in VENABLE**
**LLP** *Chair*

**Stephen A. Horblitt**
**CREATIVE ASSOCIATES**
**INTERNATIONAL, INC.**
*First Vice Chair*

**Karlc F. Jones**
**COMCAST** *Second*
*Vice Chair*

**Sharon E. Smallwood Gund**
**NATIONAL VISIONARY**
**LEADERSHIP PROJECT (NVLP)**
*Secretary*

**Loretta S. Caldwell**
**L.S. CALDWELL & ASSOCIATES**
*Assistant Secretary*

**Frank K. Rosa**
**K PMC, LLP Partner (Retired)**
**and Visiting Professor**
**HOWARD UNIVERSITY**
*Treasurer*

**Mary P. Dickson NATIONAL**
**ASSOCIATION OF**
**BROADCASTERS** *Assistant*
*Treasurer*

**MEMBERS**
**Marcellus W. Alexander, Jr.**
**Gen. Julius Becton (USA-Ret)**
**Robert Blancato**
**Judy Holland Burton**
**Yolanda H. Caraway**
**Aisha D. Davis**
**Vaughn Dickinson**
**Kenneth B. Kllerbe**
**Curtis L. Etherly, Jr.**
**Corey A. Griffin**
**Beverly M. Harris**
**Todd E. Heavner**
**Michael Jack**
**Anthony A. Lewis**
**Tanya L. Lombard**
**Ann Walker Marehant**
**Rev. Lloyd T. McGriff**
**Craig M. Muckle**
**Walter M. Oliver**
**Beverly L. Perry**
**Karen Price-Ward**
**William O. Ritchie, Jr.**
**Rynthia Rost**
**Fred Rotondaro**
**Laurie F. Rowe**
**Cynthia Smith**
**Wills Hall Smith**
**Herbert R. Tillery**
**Reba Pittman Walker**
**Lon G. Walls**
**Jessica Kruvant Wilson**
**James S. Williams**

**ADVISORY BOARD**
**Emily Durso Gregory W.**
**Fazakerley Dionne C.**
**Lomax Don Lowery Jack**
**H. Olender Bryant**
**Robinson HI Juan Rubio**
**Russell D. Simmons**
**William H. Simons W.**
**David Watts Annie P.**
**Whatley**

**Maudine R. Cooper**
*President & CEO*

March 23, 2007

The Honorable Judge Royce Lambert US District
Court for the District of Columbia 3rd Street &
Constitution Avenue, NW Washington, DC 20004

Dear Honorable Lambert:

This letter is to advise the court system that Mr. Ayudhia Saresh Narain, Jr. is eligible to participate in the apprenticeship training under the Ex-Offender Male Initiative Program.   In the Education/Employment and Training division we have a number of services that we provide to help each individual become self sufficient. We would love the opportunity to provide all the necessary services that will enable Mr. Narain to be independent.   A slot has been made available for Mr. Narain to attend. We have pre-orientation for the apprenticeship program every third Wednesday of each month. Applications are accepted 5 days per week.

If further information is needed please give me a call at 202-265-8200 ext. 284.

Sincerely,

Ursula Higgins, Deputy Training Director
Employment and Training

**United Way Designate Agency #8214**

2901 Fourteenth Street, N.W.
Washington, DC 20009
(202)265-8200
FAX (202) 265-6122
E-Mail:LUWGDBS@aol.com
Website:www.gwul.org

**MOVEMENT FOR LOVE NON-VIOLENCE AND UNITY**
**4638 H STREET, SE**
**SUITE 105**
**WASHINGTON, DC 20020**


Dear Judge Royce:

On behalf of Mr. Narain, I would like to ask Your Honor to give this young man a chance to transition his present circumstance (s). He is definitely worthy of attempting to save.

I would like to ask the court to consider placing Mr. Narain on electronic monitoring or placement in a halfway house with intense monitoring by a third party agency. We are willing to assist the family in anyway possible, if the court would place Mr. Narain in one of the above-mentioned status.

In closing I would like to ask the court to give this young man the opportunity to experience the joy and benefit of graduating this May. It will be a benefit to him and society.

I have learned that education is the passport to ones future. The doors of opportunity open widely with a degree.

Thank you for your consideration,

Elwood Sawyer

March 22. 2007

The Honorable Judge Royce Lambert US
District Court for the District of Columbia 3rd
Street & Constitution Avenue, NW
Washington, DC 20004

                                                    Ref: Mr. Ayudhia Saresh Narain, Jr.
Dear Judge Lambert:

On behalf of the above named individual I write this letter to you with very high hopes of
shedding some insight on his introspection and the value that he is not only to the
community but society as well.

I met Mr. Narain in 1999 while working with under privileged youth and taking them on
week-end camp outings. He volunteered to serve as a camp counselor.   A question that
was posed to all counselors whether paid or volunteering was, "Why are you interested in
becoming a camp counselor"? His answer was that it meant a lot to him "personally" to
try to aid/assist a child in trying to get them to vision more than what they may see in
their homes or communities. I will always remember that. I can recall seeing and feeling
his sincerity. As Mr. Narain and I continued to work together he expressed to me some of
his inner feelings and desires. He wanted to obtain his GED and go on to a school of
higher education. With the guidance of his god-father and others who had taken a
profound interest in Mr. Narain he has been able to accomplish those things. I spoke with
his mother a few day ago and she informed me that Mr. Narain had received a letter
stating that he is schedule to graduate from the University of the District of Columbia in
May of this year.

During his services he has touched the lives of quite a few people. Young children,
adolescents, adults, seniors, as well as people living with HIV/AIDS whom he has tutored
in the areas of basic education, computer skills/just spent a little quality time with them.
To be honest with you, out of concern, some of those folks have called me asking about
his whereabouts. He has volunteered since 1999 I have never had to call him.   He has
always called, even while he was in school, and asked if there was anything that he could
do. He also has volunteered for other agencies that I referred him to.   He has
continuously volunteered his services in whatever capacity he could, even down to
stuffing tens of thousands of envelopes. To say that Mr. Narain is a good person would
be an understatement. He is a good person with assessments that he shares with all. He
places special attention and values on his family, youth, seniors, unemployed as well as
under-employed individuals and those who lack education and training. Through his web
site and selling cars he has shared and trained others with hopes of them becoming
marketable.

I would like to ask the court to please release Mr. Narain while he is awaiting his trail/court appearance dates. If there is any one worthy of trying to be saved Mr. Narain is one of those people. Due to what I know of his personal life he would not be a risk.

Mr. Narain has lived with his 75 year old grandmother at the same address since he was a toddler. He is marketable and truly an asset. He has 2 daughters by two different young ladies and has been able to show responsibility and consistency with them all. He is very family orientated and quite different from the average 29 year old young man. He is not a dead beat in no sense of the word and when he finds himself with any idle time he goes in search of involving his self with things that are positive and that will make him a more well rounded person.

In closing I would like to ask the court to deem fit to place Mr. Narain on electronic monitoring status so that he could graduate with his 2007 class. Also, on a personal note from a behavior science or cognition perspective, I would like to see Mr. Narain become involved with one on one or group counseling.

Hopefully, I have given you some sort of light on the inner Mr. Narain. Being a criminal or just one who does not abide the law just isn't who he is. I will say this: "If the courts deem fit to release him there will be no more dealings with him about the law. He has been scared straight".

Thank you for your time and consideration.

Respectfully submitted,

Johnice Graves Bey