UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 07-59 (RCL) |
| AYUDHIA SARESH NARAIN, JR., | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

Defendant Ayudhia Saresh Narain, Jr. (the "defendant") has been charged with one count of unlawful possession with intent to distribute phencyclidine,[1] one count of unlawful possession with intent to distribute cocaine,[2] and one count of using, carrying and possessing a firearm during a drug trafficking offense.[3] Following a hearing on February 23, 2007, Magistrate Judge Kay ordered that the defendant be detained pending trial, pursuant to 18 U.S.C. § 3141. Magistrate Judge Kay concluded based on the evidence submitted at the hearing that the evidence "clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community . . . ."  (Det. Mem. [3] at 5.)

This matter comes before the Court on defendant's motion [6] for reconsideration of the pre-trial detention Order [3] of Magistrate Judge Kay, in which the defendant requests release pending trial so that he may continue to attend classes at the University of the District of Columbia.  This Court conducted an additional hearing on the matter on April 12, 2007.  Upon

---

[1] This count is in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

[2] This count is also in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

[3] This count is in violation of 18 U.S.C. § 924(c)(1).

consideration of the defendant's motion, and the arguments and evidence introduced at the hearing, this Court finds that no condition or combination of conditions will reasonably assure the safety of the community if the defendant were to be released pending trial. *See* 18 U.S.C. § 3142(e). Accordingly, the Court AFFIRMS Magistrate Judge Kay's decision, DENIES the defendant's motion [6] for reconsideration, and ORDERS that the defendant be detained without bond pending trial.

## DISCUSSION

Under the Bail Reform Act,[4] in order to detain a defendant pretrial, the government bears the burden of establishing "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e). The facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). If a judicial officer "finds that there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*), [or] the Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*), however, then a presumption arises "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e). This presumption is rebuttable by the defendant. *Id.* Though rebuttable, the presumption is entitled to substantive weight. *United States v. Bess*, 678 F. Supp. 929, 934 (D.D.C. 1988) (Robinson, C.J.) (citing *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985). The presumption "requires the court to draw an inference of dangerousness when probable cause is established that [the]

---

[4] 18 U.S.C. § 3141 *et seq.*

defendant committed a predicate offense, an inference whose strength depends on all the evidence before the Court." *Bess*, 678 F. Supp. at 934. Though the presumption assists the government in carrying its burden, the Court must still conduct an independent assessment of four factors listed in § 3142(g) to determine whether pretrial detention is appropriate.[5] The presumption is incorporated into the § 3142(g) factors considered by the Court. *Id.*

Based upon the evidence in this case, there is sufficient evidence to raise the rebuttable presumption that no condition or set of conditions will reasonably assure the defendant's appearance or the safety of the community. There is probable cause to believe the defendant committed an offense carrying a minimum ten-year prison sentence, as the defendant has been indicted for carrying and possessing a firearm to commit a drug trafficking felony under 18 U.S.C. § 924(c). *See* 18 U.S.C. § 3142(e). A grand jury indictment for such a crime establishes probable cause sufficient to raise the presumption under § 3142(e). *See United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986). The presumption that no set of conditions would assure the safety of the community having been established, the Court must now independently assess the four factors enumerated in § 3142(g) to determine whether the evidence clearly and convincingly supports this presumption. The Court finds that the evidence overwhelmingly supports the presumption, and weighs heavily in favor of the defendant's detention pending trial.

First, the nature and circumstances of the offenses charged against the defendant favor detention. The defendant is charged with possession with intent to distribute substantial quantities of *two* different types of illegal drugs. Additionally, the defendant was charged with

---

[5] Those factors are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the person, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

use and possession of a firearm during a drug trafficking offense. Each of the charges against the defendants involve conduct that is both dangerous and destructive to other individuals in the community.

Second, the weight of the evidence against the defendant also heavily favors detention. The defendant was initially found incoherent behind the wheel of a car that was sitting idly in the middle of an active intersection. After receiving no response from initial attempts to call out to the defendant, the police officer approached the car, and saw the defendant in an incapacitated state, and detected a noticeable odor of alcohol coming from the car. After turning the vehicle off from outside the car, the police officer opened the driver's side car door and noticed in plain view what appeared to be the butt of a handgun lodged between the car door and the control panel. The officer retrieved the gun (a High Point 9mm semi-automatic), and found that the gun was loaded; eight bullets were in the gun's cartridge, one was loaded in the chamber. The officer continued to search the interior of the car, and found bank slips with the defendant's name on them, as well as a black sock resting on the backseat, inside of which was a container full of liquid. Upon opening the container, the police officer found that the liquid gave off an odor consistent with that of PCP. Next, the officer searched the defendant's person and found $2000 in cash. The officer then searched the trunk of the car, and found a glass digital scale, a brown designer bag and a Louis Vuitton bag. Inside of the brown bag was a Palm Pilot, and a wallet containing credit cards in the defendant's name. The Louis Vuitton bag contained eight bags of a white powder substance, which later tested positive for cocaine. Finally, the police officer administered breathalizer and intoxilyzer tests, which revealed that the defendant had a Blood Alcohol Content of 0.15, and had traces of cocaine and opiates in his blood system. This overwhelming evidence clearly and convincingly establish that the defendant committed the

offenses for which he is charged.

Third, the nature and seriousness of the danger to the community that would be posed by the defendant's release also weighs significantly in favor of the government. The severity of the narcotics and firearms charges against the defendant, and the conduct the defendant allegedly engaged in to warrant such charges, clearly show that the defendant is a danger to the community.[6]

Finally, the Court must consider the history and characteristics of the defendant, including his ties to the community. The defendant has no prior arrests. He is in his last semester at the University of the District of Columbia, where he is seeking a business degree. He also is a lifelong resident of the District of Columbia, where he lives with his grandmother. Additionally, a number of individuals have submitted character letters on the defendant's behalf, particularly with regard to allowing the defendant to be released so that he might finish his classes and obtain his degree. Though these characteristics do appear to weigh in the defendant's favor (and against pretrial detention) to some degree, the defendant's ties to the community cannot overcome the sheer weight of the evidence against the defendant, the severity of the crimes for which he is charged, and the significance of the sentence he faces, if convicted.

## CONCLUSION

For the aforementioned reasons, the Court finds that pretrial detention of the defendant is appropriate in this case because there is clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. Accordingly, it is hereby

ORDERED that Magistrate Judge Kay's decision to order pretrial detention of the

---

[6] This is not to mention the fact that the defendant was found to have driven an automobile under the influence of alcohol *and* illegal drugs.

defendant is AFFIRMED; it is further

ORDERED that the defendant's motion [6] for reconsideration of the magistrate judge's decision is DENIED; and it is further

ORDERED that the defendant continue to be detained without bond pending trial.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, April 19, 2007.